# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| <u>Al-Wahid Ali</u><br><br>　　　　Plaintiff,<br><br>V.<br><br><u>University Correctional Health Care, Rutgers,</u><br><u>The State University, et al.;</u><br><u>Monica Tsakiris, et al.;</u><br><u>Willie Bonds, et al.;</u><br><u>Watermasysk (First name Unknown), et al.;</u><br><u>E. Marin, et al.;</u><br><u>Powers (First Name Unknown), et al.;</u><br><u>Flowers (First Name Unknown), et al;</u><br><u>David (Last Name Unknown), et al.;</u><br><u>Adams (First Name Unknown), et al.;</u><br><u>Cortez (First Name Unknown), et al.;</u><br><u>New Jersey Department of Corrections, et al.;</u><br><u>Miranda (Last Name Unknown), et al.;</u><br><u>John and Jane Doe(s) ,1-100,</u><br><br>　　　　Defendants. | COMPLAINT<br><br>Civil Action No.＿＿＿＿＿＿＿＿＿＿＿<br>　　(To be supplied by the court) |

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| _____ | COMPLAINT |
| (Enter above the full name of the plaintiff in this action) | |
| V. | Civil Action No. _____ |
| _____ | (To be supplied by the Clerk of the Court) |
| _____ _ | |
| _____ | |

(Enter the full name of the defendant of defendants in this action)

## INSTRUCTIONS; READ CAREFULLY

1.     This complaint must be legibly handwritten or typewritten, signed by the plaintiff and   subscribed to under penalty of perjury as being true and correct.  All questions must be answered concisely in the proper space on the form.  Where more space is needed to answer any question, attach a separate sheet.

2.     In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3.     You must provide the full name of each defendant or defendants and where they can be found.

4.     You must send the original and one copy of the complaint to the Clerk of the District Court.  You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5.     Upon receipt of a fee of $400.00 (a filing fee of $350.00, and an administrative fee of    $50.00), your complaint will be filed.  You will be responsible for service of a separate summons and copy of the complaint on each defendant.  See Rule 4, Federal Rule of Civil Procedure.

6.    If you cannot prepay the $400.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis. See 28 U.S.C. §1915. (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7.    If you are given permission to proceed in forma pauperis, the $50.00 Administrative Fee will not be assessed. The Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint which you have submitted will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a.    Jurisdiction is asserted pursuant to (CHECK ONE)

✓  42 U.S.C. §1983 (applies to state prisoners)

____  Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:

_____

1b.    Indicate whether you are a prisoner or other confined person as follows:

___ Pretrial detainee

___ Civilly-committed detainee

___ Immigration detainee

✓ Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

___ Other: (please explain)_____

2.    Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

a.    Parties to previous lawsuit:

Plaintiff(s): _____ N/A _____

Defendant(s): _____ N/A _____

b.    Court and docket number: _____

c.    Grounds for dismissal:  ( )    frivolous    ( ) malicious

( )    failure to state a claim upon which relief may be granted

d.    Approximate date of filing lawsuit: _____ N/A _____

e.    Approximate date of disposition: _____ N/A _____

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3.    Place of Present Confinement? _____ N/A _____

4.    Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

a.    Name of plaintiff: _Please refer to attached 10 pages for Answers for Question #4_

4.      Parties

a.      Name of plaintiff: <u>Al-Wahid Ali</u>
        Address: <u>South woods State Prison 215 South Burlington Road Bridgeton, New Jersey</u>
<u>08302</u>
        Inmate#: <u>SP# 435650/ S.B.I.#544863A</u>

b.      First defendant:
        Name: <u>University Correctional Health Care, Rutgers, The State University</u>

        Official position: <u>Health care provider to the New Jersey Department of Corrections</u>

        Place of employment: <u>UNIVERSITY CORRECTIONAL HEALTH CARE, RUTGERS,
THE STATE UNIVERSITY OF NEW JERSEY ("UCHC/RUTGERS"), et al.; is an entity
existing under the laws of the state of New Jersey, with a registered office for the acceptance of
service, and/or a principle place of business at the New Jersey Department of Corrections, Bates
Building, Stuyvesant Avenue and Whittlesey Road, P.O. Box 863 Trenton, New Jersey 08625.</u>

        How is this person involved? <u>Defendant UCHC/RUTGERS entered into contract
agreement where UCHC/RUTGERS agreed to be the exclusive provider of medical treatment to
the inmates in the custody of the New Jersey Department of Corrections. The inmates in the care
and custody of Defendant New Jersey Department of Corrections, such as plaintiff, were
intended third party beneficiaries of the contract or agreement between UCHC/RUTGERS and
the New Jersey Department of Corrections. UCHC/RUTGERS has breached their contract with
the New Jersey Department of Corrections by refusing to provide medical treatment, failing to
give necessary medications, disregarding orders from treating physicians, delaying examination,
delaying treatment to the plaintiff, malpractice, negligence, assault, misuse of force, denial of
Due Process and breach of N.J.S.A. 30:4-91.1 et seq. These state violations and 8th Amendment
deliberate indifference violations by UCHC/RUTGERS were the proximate cause of the
plaintiff's sustained new permanent injuries/ symptoms, and none of these injuries would not
have happened if it were not for UCHC/RUTGERS deliberate indifference. This very deliberate
indifference by UCHC/RUTGERS was a foreseeable result of harm to the plaintiff and is not
standard acceptable medical practice. The duty of care owed to prisoners is the same of that
owed to private patients. Expert evidence is not required to establish the standard of care in this
particular case because the issue is one that is within the common knowledge of lay people. The
plaintiff has suffered and continues to suffer physical and emotional suffering as a direct result of
UCHC/RUTGERS breach of contract and deliberate indifference. Defendants have also violated
plaintiff's rights under the 13th, 14th, 15th and 19th Amendments by racially discriminating against
plaintiff.  Refer to Statement of Claims paragraphs: 1-58.</u>

c.      Second defendant:

        Name: <u>Monica Tsakiris,</u>

Official position: <u>Nurse Practitioner</u>

Place of employment: <u>MONICA TSAKIRIS, APN; ("Monica"), at all times relevant, is the acting NURSE PRACTITIONER, employed from UCHC/RUTGERS, working at SOUTH WOODS STATE PRISON, 215 South Burlington Road, Bridgeton, New Jersey 08302.</u>

How is this person involved? <u>Defendant Monica and UCHC/RUTGERS entered into contract agreement where UCHC/RUTGERS agreed to be the exclusive provider of medical treatment to the inmates in the custody of the New Jersey Department of Corrections. The inmates in the care and custody of Defendant New Jersey Department of Corrections, such as plaintiff, were intended third party beneficiaries of the contract or agreement between UCHC/RUTGERS and the New Jersey Department of Corrections. Monica and UCHC/RUTGERS has breached their contract with the New Jersey Department of Corrections by refusing to provide medical treatment, failing to give necessary medications, disregarding orders from treating physicians, delaying examination, delaying treatment to the plaintiff, malpractice, negligence, assault, misuse of force, denial of Due Process and breach of N.J.S.A. 30:4-91.1 et seq. These state violations and 8th Amendment deliberate indifference violations by Monica and UCHC/RUTGERS were the proximate cause of the plaintiff's sustained new permanent injuries/ symptoms, and none of these injuries would not have happened if it were not for Monica and UCHC/RUTGERS deliberate indifference. This very deliberate indifference by Monica and UCHC/RUTGERS was a foreseeable result of harm to the plaintiff and is not standard acceptable medical practice. The duty of care owed to prisoners is the same of that owed to private patients. Expert evidence is not required to establish the standard of care in this particular case because the issue is one that is within the common knowledge of lay people. The plaintiff has suffered and continues to suffer physical and emotional suffering as a direct result of UCHC/RUTGERS breach of contract and deliberate indifference. Defendants have also violated plaintiff's rights under the 13th, 14th, 15th and 19th Amendments by racially discriminating against plaintiff. Refer to Statement of Claims paragraph: 1-58.</u>

d.     Third defendant:

Name: <u>Willie Bonds (Bonds)</u>

Official position: <u> at all times relevant, is the acting Administrator of South Woods State Prison</u>

Place of employment: <u>SOUTH WOODS STATE PRISON, 215 South Burlington Road, Bridgeton, New Jersey 08302.</u>

How is this person involved? <u>Has violated my 1st and 14th United States Constitutional Amendment right under the Religious Land Use and Institutionalized Persons Act (RLUIPA) by not allowing me to exercise my religious freedom guaranteed to me by the 1st and 14th Amendments without fear of penalty. Refer to paragraph 28 of the Statement of Claims. Defendant Bonds and UCHC/RUTGERS also entered into contract agreement where</u>

UCHC/RUTGERS agreed to be the exclusive provider of medical treatment to the inmates in the custody of the New Jersey Department of Corrections. The inmates in the care and custody of Defendant New Jersey Department of Corrections, such as plaintiff, were intended third party beneficiaries of the contract or agreement between Bonds UCHC/RUTGERS and the New Jersey Department of Corrections. Bonds and UCHC/RUTGERS has breached their contract with the New Jersey Department of Corrections by refusing to provide medical treatment, failing to give necessary medications, disregarding orders from treating physicians, delaying examination, delaying treatment to the plaintiff, malpractice, negligence, assault, misuse of force, denial of Due Process and breach of N.J.S.A. 30:4-91.1 et seq. These state violations and 8th Amendment deliberate indifference violations by UCHC/RUTGERS were the proximate cause of the plaintiff's sustained new permanent injuries/ symptoms, and none of these injuries would not have happened if it were not for Bonds and UCHC/RUTGERS deliberate indifference. This very deliberate indifference by Bonds and UCHC/RUTGERS was a foreseeable result of harm to the plaintiff and is not standard acceptable medical practice. The duty of care owed to prisoners is the same of that owed to private patients. Expert evidence is not required to establish the standard of care in this particular case because the issue is one that is within the common knowledge of lay people. The plaintiff has suffered and continues to suffer physical and emotional suffering as a direct result of Bonds and UCHC/RUTGERS breach of contract and deliberate indifference. Bonds also failed to supervise his staff. Defendants have also violated plaintiff's rights under the 13th, 14th, 15th and 19th Amendments by racially discriminating against plaintiff. Refer to Statement of Claims paragraphs: 1-58.

e.      Fourth defendant:

        Name: Watermasysk (First Name Unknown)

        Official position: at all times relevant, is an acting Sergeant

        Place of employment: SOUTH WOODS STATE PRISON, 215 South Burlington Road, Bridgeton, New Jersey 08302

How is this person involved? Defendant NJDOC and UCHC/RUTGERS entered into contract agreement where UCHC/RUTGERS agreed to be the exclusive provider of medical treatment to the inmates in the custody of the New Jersey Department of Corrections. The inmates in the care and custody of Defendant New Jersey Department of Corrections, such as plaintiff, were intended third party beneficiaries of the contract or agreement between UCHC/RUTGERS and the New Jersey Department of Corrections. NJDOC and UCHC/RUTGERS has breached their contract with the New Jersey Department of Corrections by refusing to provide medical treatment, failing to give necessary medications, disregarding orders from treating physicians, delaying examination, delaying treatment to the plaintiff, malpractice, negligence, assault, misuse of force, denial of Due Process and breach of N.J.S.A. 30:4-91.1 et seq. These state violations and 8th Amendment deliberate indifference violations by Sgt. Watermasysk and UCHC/RUTGERS were the proximate cause of the plaintiff's sustained new permanent injuries/ symptoms, and none of these injuries would not have happened if it were not for Sgt. Watermasysk, NJDOC and UCHC/RUTGERS deliberate indifference. This very deliberate indifference by Sgt. Watermasysk, NJDOC and UCHC/RUTGERS was a foreseeable result of

harm to the plaintiff and is not standard acceptable medical practice or related to proper penalogical purposes and goals. The duty of care owed to prisoners is the same of that owed to private patients. Expert evidence is not required to establish the standard of care in this particular case because the issue is one that is within the common knowledge of lay people. The plaintiff has suffered and continues to suffer physical and emotional suffering as a direct result of UCHC/RUTGERS breach of contract and deliberate indifference. Sgt. Watermasysk also failed to supervise his subordinates. Defendants have also violated plaintiff's rights under the 13th, 14th, 15th and 19th Amendments by racially discriminating against plaintiff. Refer to Statement of Claims paragraph: 1-58.

f.   Fifth defendant:

Name: E. Marin

Official position: at all times relevant, is an acting Senior Correction Officer (SCO)

Place of employment: SOUTH WOODS STATE PRISON, 215 South Burlington Road, Bridgeton, New Jersey 08302

How is this person involved? Defendant NJDOC and UCHC/RUTGERS entered into contract agreement where UCHC/RUTGERS agreed to be the exclusive provider of medical treatment to the inmates in the custody of the New Jersey Department of Corrections. The inmates in the care and custody of Defendant New Jersey Department of Corrections, such as plaintiff, were intended third party beneficiaries of the contract or agreement between UCHC/RUTGERS and the New Jersey Department of Corrections. NJDOC and UCHC/RUTGERS has breached their contract with the New Jersey Department of Corrections by refusing to provide medical treatment, failing to give necessary medications, disregarding orders from treating physicians, delaying examination, delaying treatment to the plaintiff, malpractice, negligence, assault, misuse of force, denial of Due Process and breach of N.J.S.A. 30:4-91.1 et seq. These state violations and 8th Amendment deliberate indifference violations by SCO E. Marin and UCHC/RUTGERS were the proximate cause of the plaintiff's sustained new permanent injuries/ symptoms, and none of these injuries would not have happened if it were not for SCO E. Marin, NJDOC and UCHC/RUTGERS deliberate indifference. This very deliberate indifference by SCO E. Marin, NJDOC and UCHC/RUTGERS was a foreseeable result of harm to the plaintiff and is not standard acceptable medical practice or related to proper penalogical purposes and goals. The duty of care owed to prisoners is the same of that owed to private patients. Expert evidence is not required to establish the standard of care in this particular case because the issue is one that is within the common knowledge of lay people. The plaintiff has suffered and continues to suffer physical and emotional suffering as a direct result of UCHC/RUTGERS breach of contract and deliberate indifference. Defendants have also violated plaintiff's rights under the 13th, 14th, 15th and 19th Amendments by racially discriminating against plaintiff. Refer to Statement of Claims paragraph: 1-58.

g.   Sixth defendant:

Name: Powers (First Name Unknown)

Official position: at all times relevant, is an acting Senior Correction Officer

Place of employment: SOUTH WOODS STATE PRISON, 215 South Burlington Road, Bridgeton, New Jersey 08302

How is this person involved? Defendant NJDOC and UCHC/RUTGERS entered into contract agreement where UCHC/RUTGERS agreed to be the exclusive provider of medical treatment to the inmates in the custody of the New Jersey Department of Corrections. The inmates in the care and custody of Defendant New Jersey Department of Corrections, such as plaintiff, were intended third party beneficiaries of the contract or agreement between UCHC/RUTGERS and the New Jersey Department of Corrections. NJDOC and UCHC/RUTGERS has breached their contract with the New Jersey Department of Corrections by refusing to provide medical treatment, failing to give necessary medications, disregarding orders from treating physicians, delaying examination, delaying treatment to the plaintiff, malpractice, negligence, assault, misuse of force, denial of Due Process and breach of N.J.S.A. 30:4-91.1 et seq. These state violations and 8th Amendment deliberate indifference violations by SCO Powers and UCHC/RUTGERS were the proximate cause of the plaintiff's sustained new permanent injuries/symptoms, and none of these injuries would not have happened if it were not for SCO Powers, NJDOC and UCHC/RUTGERS deliberate indifference. This very deliberate indifference by SCO Powers, NJDOC and UCHC/RUTGERS was a foreseeable result of harm to the plaintiff and is not standard acceptable medical practice or related to proper penological purposes and goals. The duty of care owed to prisoners is the same of that owed to private patients. Expert evidence is not required to establish the standard of care in this particular case because the issue is one that is within the common knowledge of lay people. The plaintiff has suffered and continues to suffer physical and emotional suffering as a direct result of UCHC/RUTGERS breach of contract and deliberate indifference. Defendants have also violated plaintiff's rights under the 13th, 14th, 15th and 19th Amendments by racially discriminating against plaintiff.   Refer to Statement of Claims paragraph: 1-58.

h.      Seventh defendant:

Name: Flowers (Last Name Unknown)

Official position: at all times relevant, is an acting Senior Correction Officer

Place of employment: SOUTH WOODS STATE PRISON, 215 South Burlington Road, Bridgeton, New Jersey 08302

How is this person involved? Defendant NJDOC and UCHC/RUTGERS entered into contract agreement where UCHC/RUTGERS agreed to be the exclusive provider of medical treatment to the inmates in the custody of the New Jersey Department of Corrections. The inmates in the care and custody of Defendant New Jersey Department of Corrections, such as plaintiff, were intended third party beneficiaries of the contract or agreement between UCHC/RUTGERS and

the New Jersey Department of Corrections. NJDOC and UCHC/RUTGERS has breached their contract with the New Jersey Department of Corrections by refusing to provide medical treatment, failing to give necessary medications, disregarding orders from treating physicians, delaying examination, delaying treatment to the plaintiff, malpractice, negligence, assault, misuse of force, denial of Due Process and breach of N.J.S.A. 30:4-91.1 et seq. These state violations and 8th Amendment deliberate indifference violations by SCO Flowers and UCHC/RUTGERS were the proximate cause of the plaintiff's sustained new permanent injuries/ symptoms, and none of these injuries would not have happened if it were not for SCO Flowers, NJDOC and UCHC/RUTGERS deliberate indifference. This very deliberate indifference by SCO Flowers, NJDOC and UCHC/RUTGERS was a foreseeable result of harm to the plaintiff and is not standard acceptable medical practice or related to proper penalogical purposes and goals. The duty of care owed to prisoners is the same of that owed to private patients. Expert evidence is not required to establish the standard of care in this particular case because the issue is one that is within the common knowledge of lay people. The plaintiff has suffered and continues to suffer physical and emotional suffering as a direct result of UCHC/RUTGERS breach of contract and deliberate indifference. Defendants have also violated plaintiff's rights under the 13th, 14th, 15th and 19th Amendments by racially discriminating against plaintiff. Refer to Statement of Claims paragraph: 1-58.

i.    Eighth defendant:

Name: David (Last Name Unknown),

Official position: at all times relevant, is an acting Licensed Practical Nurse (LPN)

Place of employment: employed from UCHC/RUTGERS, working at SOUTH WOODS STATE PRISON, 215 South Burlington Road, Bridgeton, New Jersey 08302.

How is this person involved? Defendant NJDOC and UCHC/RUTGERS entered into contract agreement where UCHC/RUTGERS agreed to be the exclusive provider of medical treatment to the inmates in the custody of the New Jersey Department of Corrections. The inmates in the care and custody of Defendant New Jersey Department of Corrections, such as plaintiff, were intended third party beneficiaries of the contract or agreement between UCHC/RUTGERS and the New Jersey Department of Corrections. NJDOC and UCHC/RUTGERS has breached their contract with the New Jersey Department of Corrections by refusing to provide medical treatment, failing to give necessary medications, disregarding orders from treating physicians, delaying examination, delaying treatment to the plaintiff, malpractice, negligence and breach of N.J.S.A. 30:4-91.1 et seq. These state violations and 8th Amendment deliberate indifference violations by LPN David and UCHC/RUTGERS were the proximate cause of the plaintiff's sustained new permanent injuries/ symptoms, and none of these injuries would not have happened if it were not for LPN David, NJDOC and UCHC/RUTGERS deliberate indifference. This very deliberate indifference by LPN David, NJDOC and UCHC/RUTGERS was a foreseeable result of harm to the plaintiff and is not standard acceptable medical practice or related to proper penalogical purposes and goals. The duty of care owed to prisoners is the same of that owed to private patients. Expert evidence is not required to establish the standard of care

in this particular case because the issue is one that is within the common knowledge of lay people. The plaintiff has suffered and continues to suffer physical and emotional suffering as a direct result of UCHC/RUTGERS breach of contract and deliberate indifference. Defendants have also violated plaintiffs rights under the 13th, 14th, 15th and 19th Amendments by racially discriminating against plaintiff. Refer to Statement of Claims paragraph: 1-58.

j.     Ninth defendant:

       Name: Adams (First Name Unknown),

       Official position: at all times relevant, is an acting Social Worker

       Place of employment: SOUTH WOODS STATE PRISON, 215 South Burlington Road, Bridgeton, New Jersey 08302


How is this person involved? 8th Amendment deliberate indifference violation by not following NJDOC policies. Defendants have also violated plaintiff's rights under the 13th, 14th, 15th and 19th Amendments by racially discriminating against plaintiff. Refer to Statement of Claims paragraph:55.

k.     Tenth defendant:

       Name: Cortez (First Name Unknown),

       Official position: at all times relevant, is an acting Senior Correction Officer

       Place of employment: SOUTH WOODS STATE PRISON, 215 South Burlington Road, Bridgeton, New Jersey 08302

How is this person involved?  Defendant NJDOC and UCHC/RUTGERS entered into contract agreement where UCHC/RUTGERS agreed to be the exclusive provider of medical treatment to the inmates in the custody of the New Jersey Department of Corrections. The inmates in the care and custody of Defendant New Jersey Department of Corrections, such as plaintiff, were intended third party beneficiaries of the contract or agreement between UCHC/RUTGERS and the New Jersey Department of Corrections. NJDOC and UCHC/RUTGERS has breached their contract with the New Jersey Department of Corrections by refusing to provide medical treatment, failing to give necessary medications, disregarding orders from treating physicians, delaying examination, delaying treatment to the plaintiff, malpractice, negligence, assault, misuse of force, denial of Due Process and breach of N.J.S.A. 30:4-91.1 et seq. These state violations and 8th Amendment deliberate indifference violations by SCO Cortez and UCHC/RUTGERS were the proximate cause of the plaintiff's sustained new permanent injuries/ symptoms, and none of these injuries would not have happened if it were not for SCO Cortez, NJDOC and UCHC/RUTGERS deliberate indifference. This very deliberate indifference by SCO Cortez, NJDOC and UCHC/RUTGERS was a foreseeable result of harm to the plaintiff and is not standard acceptable medical practice or related to proper penalogical purposes and goals.

The duty of care owed to prisoners is the same of that owed to private patients. Expert evidence is not required to establish the standard of care in this particular case because the issue is one that is within the common knowledge of lay people. The plaintiff has suffered and continues to suffer physical and emotional suffering as a direct result of UCHC/RUTGERS breach of contract and deliberate indifference. Defendants have also violated plaintiff's rights under the 13th, 14th, 15th and 19th Amendments by racially discriminating against plaintiff.  Refer to Statement of Claims paragraph: 1-58.

l.      Eleventh defendant:

        Name: New Jersey Department of Corrections

        Official position: The head of all New Jersey state prisons

        Place of employment: NEW JERSEY DEPARTMENT OF CORRECTIONS ("NJDOC"), is an entity existing under the laws of the state of New Jersey, with an office for the acceptance of service, at the New Jersey Department Of Corrections, Stuyvesant Avenue and Whittlesey Road, P.O. Box 863, Trenton, New Jersey 08625.

How is this person involved? Has violated my 1st and 14th United States Constitutional Amendment right under the Religious Land Use and Institutionalized Persons Act (RLUIPA) by not allowing me to exercise my religious freedom guaranteed to me by the 1st and 14th Amendments without fear of penalty. Refer to paragraph 28 of the Statement of Claims. Defendant NJDOC and UCHC/RUTGERS also entered into contract agreement where UCHC/RUTGERS agreed to be the exclusive provider of medical treatment to the inmates in the custody of the New Jersey Department of Corrections. The inmates in the care and custody of Defendant New Jersey Department of Corrections, such as plaintiff, were intended third party beneficiaries of the contract or agreement between UCHC/RUTGERS and the New Jersey Department of Corrections. NJDOC and UCHC/RUTGERS has breached their contract by refusing to provide medical treatment, failing to give necessary medications, disregarding orders from treating physicians, delaying examination, delaying treatment to the plaintiff, assault, misuse of force, denial of Due Process and breach of N.J.S.A. 30:4-91.1 et seq. These state violations and 8th Amendment deliberate indifference violations by NJDOC and UCHC/RUTGERS were the proximate cause of the plaintiff's sustained new permanent injuries/ symptoms, and none of these injuries would not have happened if it were not for NJDOC and UCHC/RUTGERS deliberate indifference. This very deliberate indifference by NJDOC and UCHC/RUTGERS was a foreseeable result of harm to the plaintiff and is not standard acceptable medical practice. The duty of care owed to prisoners is the same of that owed to private patients. Expert evidence is not required to establish the standard of care in this particular case because the issue is one that is within the common knowledge of lay people. The plaintiff has suffered and continues to suffer physical and emotional suffering as a direct result of NJDOC and UCHC/RUTGERS breach of contract and deliberate indifference. NJDOC has also failed to supervise their staff. Defendants have also violated plaintiff's rights under the 13th, 14th, 15th and 19th Amendments by racially discriminating against plaintiff. Refer to Statement of Claims paragraphs: 1-58.

m.  Twelfth defendant:

Name: Miranda (Last Name Unknown),

Official position: at all times relevant, is an acting Lieutenant

Place of employment: SOUTH WOODS STATE PRISON, 215 South Burlington Road, Bridgeton, New Jersey 08302

How is this person involved? Has violated my 1st and 14th United States Constitutional Amendment right under the Religious Land Use and Institutionalized Persons Act (RLUIPA) by not allowing me to exercise my religious freedom guaranteed to me by the 1st and 14th Amendments without fear of penalty. Refer to paragraph 28 of the Statement of Claims. Defendant NJDOC and UCHC/RUTGERS also entered into contract agreement where UCHC/RUTGERS agreed to be the exclusive provider of medical treatment to the inmates in the custody of the New Jersey Department of Corrections. The inmates in the care and custody of Defendant New Jersey Department of Corrections, such as plaintiff, were intended third party beneficiaries of the contract or agreement between UCHC/RUTGERS and the New Jersey Department of Corrections. NJDOC and UCHC/RUTGERS has breached their contract by refusing to provide medical treatment, failing to give necessary medications, disregarding orders from treating physicians, delaying examination, delaying treatment to the plaintiff, assault, misuse of force, denial of Due Process and breach of N.J.S.A. 30:4-91.1 et seq. These state violations and 8th Amendment deliberate indifference violations by NJDOC and UCHC/RUTGERS were the proximate cause of the plaintiff's sustained new permanent injuries/ symptoms, and none of these injuries would not have happened if it were not for NJDOC and UCHC/RUTGERS deliberate indifference. This very deliberate indifference by NJDOC and UCHC/RUTGERS was a foreseeable result of harm to the plaintiff and is not standard acceptable medical practice. The duty of care owed to prisoners is the same of that owed to private patients. Expert evidence is not required to establish the standard of care in this particular case because the issue is one that is within the common knowledge of lay people. The plaintiff has suffered and continues to suffer physical and emotional suffering as a direct result of NJDOC and UCHC/RUTGERS breach of contract and deliberate indifference. Lt. Miranda has also failed to supervise her staff. Defendants have also violated plaintiff's rights under the 13th, 14th, 15th and 19th Amendments by racially discriminating against plaintiff. Refer to Statement of Claims paragraphs: 1-58.

n.  Thirteenth defendant:

Name: John and Jane Doe(s), 1-100,

Official position: _____

Place of employment: _____

How is this person involved? _____

5.   I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

   _X_ Yes   ___ No

If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

I filed several grievances & appeals exhausting my administrative remedies concerning these issues with the NJDOC & their agencies.

If your answer is "No," briefly explain why administrative remedies were not exhausted.


6.   Statement of Claims

(State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

Refer to attached pages labeled Statement of Claims.

## STATEMENT OF FACTS

1.  I have had Hepatitis C (Hep C) for over 40 years.

2.  In 2002 I was sentenced by the state of New Jersey to thirty-three and a half years in state prison. After being sentenced to this prison term I was sent to Trenton State Prison in Trenton New Jersey in August of 2002 to begin serving said prison term.

3.  In 2004 I was given the medication Interferon for Hep C to try to rid me of the disease. The Interferon medication didn't work for me.

4.  In 2006 I was sent to Northern State Prison.

5.  In 2008 while in Northern State Prison (NSP) my feet began to swell up extremely bad, turned real black, caused me not to be able to walk, get out of bed or fit my feet inside of my boots. Because of this a NSP correction officer (C.O) called a code 53 (emergent response for medical treatment) and I was taken to the NSP infirmary where I was seen by the NSP doctor (this doctors name is unknown to me at this time but can be revealed during discovery) and that very doctor advised me that if he didn't cut the bad skin off of my hands and feet that I would get gangrene.

6.  Due to this doctors recommendation I allowed him to cut the bad skin off of my hands and feet and I was then given steroids in efforts to grow back good skin on my feet and hands. Although I received this medical treatment my feet always stayed swollen after the doctor cut the skin off and every time I walked on my feet they would swell up very bad, worse than ever before and cause me extreme pain.

7.  In 2010 while at NSP I was given a wheelchair because of these and other medical issues.

8.  During this time I was also sent out of NSP to be examined by a dermatologist (this doctor's name is unknown to me at this time but can be revealed during discovery). During this very visit with the dermatologist the dermatologist took skin grafts from me and sent the skin grafts to a lab to be examined.

9.  It was determined from those skin grafts that I have Lichen planus disease, which is related to Hep C.

10.  In Lichen planus disease, small, shiny, itchy lesions appear in a dense cluster. Often there is no obvious cause but occasionally the rash may develop as a reaction to certain drugs, such as sulfonamide antibiotics, antihypertensive medications, or goldbased antirheumatic drugs. It is more common in people over age 30.

11. The Dermatologist told me that I would always have Lichen planus disease as long as I have Hep C.

1

12. I have also developed painful sores all over my body like Lazarus and this is due to me not receiving my Remvella medication with my meals. By me not receiving this Remvella medication with my meals is causing phosphorus to build up in my body causing me to get black spots that turn into sores on my body.

13. During November of the year 2010 I was transferred to South Woods State Prison (SWSP).

14. Because I have Hep C, every 60 days I'm suppose to have my blood drawn and tested to make sure my liver functions are functioning properly. But the New Jersey Department of Corrections (NJDOC) medical personnel is not drawing and testing my blood in accord.

15. At 7:30am and/ or noon here at SWSP I continuously try to go to medical before my dialysis treatment so that I can receive my Benadryl medication as I should receive it. But Licensed Practical Nurse (LPN) David of SWSP would not give me my medication until medication call-out, which is at 8:45am and/ or 1:45pm.

16. I 'm supposed to be getting my Benadryl medication before I receive my dialysis treatment because dialysis makes me itch and the Benadryl medication helps to prevent me from itching once I get on the dialysis machine. But I am not getting my Benadryl medication as needed.

17. I've been requesting my mandatory medications (Remvella; Benadryl) on numerous occasions which I am suppose to receive before I go to dialysis in the mornings at 7:00am to 8:00am and also at times when I go to dialysis in the afternoon at 12:00 to 12:30 pm. But I am not receiving it.

18. Monica Tsakiris, APN; (Monica) of SWSP discontinued my prescription for my Benadryl in November 2016 that I was only getting at night.

19. Dr. Priywesh Thakker again prescribed me Benadryl for my dialysis treatment on January 9, 2017.

20. On December 7, 2016 Monica saw me on a consult because Nurse Donna had flagged Monica because my ear had started bleeding while I was in dialysis. Again Monica did nothing for this problem even though I explained to Monica in detail all of my medical issues I need help with.

21. On December 20,2016 I went to nurse call here at SWSP and was seen by Monica and at that time I requested the new medication for Hep C (Elbasivir) for dialysis patients and to be sent back out for my MRI's for my back and shoulder. At that time I also requested to be sent out to see the foot doctor about my swollen feet. In response Monica got very hostile with me and refused me the medical treatment I've requested and in need of. Monica then ordered me out of her office and she simultaneously called for the SWSP correction officers to escort me out of her office.

22. I was also seen by doctor Fares in Saint Francis Medical Center and Dr. Fares requested that NJDOC/SWSP send me to University hospital to have surgery on my left arm to remove big painful itchy lumps called pseudoaneurysms that are on my bicep due to irregular reactions from dialysis. That request was denied. I am supposed to be sent out to a dialysis access center every four to six months to have my fistula cleaned out so that I wouldn't develop the pseudoaneurysms.

23. I have also been denied my Remvella medication as ordered. I continually request for this new medication that I need for Hep C and to be given my med that I'm supposed to be taken with my meals. The Remvella medication is being given to me two hours after I eat and it is not doing any good at those times. . Due to not receiving my medication timely I have developed itchy soars all over my body like Lazarus.

24. I was called to medical on January 5, 2017 and Monica saw me about me writing a grievance on the kiosk addressing the fact that I need a pair of medical boots. In response Monica told me she was not going to order the boots. Monica is continually denying me proper medical treatment.

25. I'm being discriminated against by the NJDOC/SWSP because of my medical disabilities.

26. I have also been requesting to have my commutation time given back to me because the commutation time was taken from me in error due to a criminal charge (.006 extortion-blackmail) complaint number w 2000001147 dated 3-7-2004 that I was never charged with. I was charged with harassment, inconvenience and annoyance and I was found not guilty of these violations.

27. I have also been requesting to have my max date corrected because my max date has stopped decreasing. The NJDOC/SWSP has refused to correct this error.

28. I have also been requesting to have my name placed on the Jumar and taleem list for religious services so that I can practice my religion and I have been denied this right by NJDOC/ SWSP's personnel to be placed on these religious lists.

29. I also have been requesting to be moved back into a two man cell because in the two man cell the top bunk is much higher than the top bunk in the four man cell that I'm in now.

30. In the four-man cell I'm in now, I have to bend down in the bunk because of the low top bunk, which puts pressure on my back and neck causing extreme pain and I already have existing chronic back issues.

31. I've continuously asked Sgt. Seabeck, S.C.O Cortez, and S.C.O. Perry to move me because of these said reasons but to no avail.

32. The reason why I was moved out of the two-man cell was because I was in a wheelchair but there are other inmates in wheelchairs that are in two man cells and three of those inmates are inmate Edwards, Mays and Love on housing unit 6-1-Right.

33. On August 21, 2016, I abruptly fell due to my legs and back giving out on me. This was and is caused due to a chronic issue I have had for the past (10) ten years and it is well documented. I was subsequently given a wheelchair for this, but was not issued one by the Department of Corrections (DOC) until August 21, 2016 even though I've been asking for a wheelchair before I fell. Once given this wheelchair I was to maintain possession of it until re-evaluated by a medical provider.

34. That time came when I was scheduled for a medical pass for this re-evaluation and I was seen by medical staff at South Woods State Prison, specifically Monica, who took it upon herself to go against the doctor's orders and took me off of pertinent medications. Specifically Monica took away my prescription for Benadryl and my protein powders. The Benadryl is necessary to help me with itching that result from my Dialysis treatments while I am connected to the Dialysis machine. As for the protein powders they are necessary for me to regain my weight due to my kidney failure and loss of weight. She also refused to schedule me for the foot doctor in addition to all of the above-listed issues.

35. On August 25, 2016, I was scheduled to be given an MRI at Saint Francis Hospital in Trenton, New Jersey. When D.O.C.'s Central Transportation Unit [hereinafter "CTU"] came to transport me, they were never made aware that I was ordered by Ms. Amanda Williams, RN, BSN, of SWSP, on the above-indicated date, to be transported in a wheelchair. This hindered CTU's transporting me to the aforesaid appointment, because they did not bring the proper vehicle specific to my needs. As a result, my MRI appointment was canceled and Monica failed to reschedule it.

36. I was then escorted from the South Woods State Prison Admin/Discharge (A & D) area to the medical building where physical assaults against me began. Monica initiated these assaults by flipping be backwards out of the wheelchair, shouting profanities, telling me to get my "crippled ass off the floor and walk!" As she initially grabbed the wheelchair, she had to tell the inmate Mr. Blake, "Get out of the way Mr. Blake!"

37. Officers Powers and Flowers were also witnesses to what had happened this day. As I laid belly down on the floor, I turned my head as Officer Powers handcuffed me and then threw me against the wall as if I were a bale of hay.

38. S.C.O. Flowers then proceeded to physically assault me by punching me in the side and back of my head with a closed fist approximately (4) four times or more. Because of these punches, I experienced blurred vision, extreme dizziness and was barely conscious.

39. Immediately following these assaults, I was escorted to South Woods State Prison's Detention Facility.

40. At approximately twelve noon the next day, I was informed by S.C.O. E. Morin, Sgt. Watermasysk and several other officers that I had to go to ECU (Extended Care Unit), for my dialysis treatment. In response I respectfully requested to be provided with my wheelchair to be transported in as previously ordered by Ms. Amanda Williams, RN, BSN, but was denied this request.

41. I then proceeded to crawl out of my cell to the officer's podium, where Sgt. Watermasysk advised me that, "You can't crawl across the compound." At this point, I advised Sgt Watermsysk that I need my wheelchair to be transported to dialysis. Sgt Watermsysk in response refused to provide me with a wheelchair and refused to take me to my Dialysis treatment. Sgt. Watermasysk then ordered the officers to put me back in my cell. The officers then picked me up like I was a piece of luggage and very forcefully threw me back into my cell.

42. On this same date, August 26, 2016, sometime during the night hours, I fell out of my bunk due to complications from my Hep C and the fact that there is no safety rails on the bunk beds here at SWSP. Not long after I fell, a Medical Code 53 was called for me. Again, this is a medical code used by the DOC to alert custody staff of a medical emergency with a location, where all available officers assigned to that area has to respond.

43. Upon the officer's arrival to my cell, the officers asked me if I was okay and then removed me from the Detention cell I was in and escorted me to E.C.U. for constant watch observation. I did not deliberately fall out of my bed as was assumed by SWSP personnel.

44. When I was put in this constant watch area, SWSP personnel cut off all of my clothes and watched me for (48) forty-eight hours there on camera.

45. Finally, on August 31, 2016, I was seen by Nurse Karen for swelling of my feet and charged a second time totaling ($10.00) ten dollars for an obvious ongoing issue that medical has repeatedly failed to remedy. This is not supposed to happen for chronic care patients.

46. On September 5, 2016, Nurse Karen, of SWSP who gave me attitude and got smart with me over the swelling and then refused to give me any treatment, saw me again. The lack of professionalism that I experienced from custody and medical staff, as well as the injuries I sustained from them, whose responsibility for me should not be taken lightly or ignored in any way cannot be ignored.

47. This treatment happens to inmates on a regular basis and the inhumane brutality that is suffered is rarely reported. There have been enough deaths at the hands of the New Jersey Department of Corrections and the imminent fear I felt and continue to feel for my life cannot be compensated by any monetary amount.

48. On September 9, 2016, I was seen by Ms. Jennifer Farested, AGNP-C for swollen feet and hemorrhoids. At that time Farested advised me that she was putting an order in so I would be seen by the doctor as well as an order for suppositories. This was never done nor has the medical staff kept any record to support this.



49. On September 30, 2016 at SWSP I was enroute to pill call at approximately 8:00 p.m., when an officer stopped me on the SWSP Facility 3 compound advising me to return to my housing unit and have my housing unit officer call the Facility 3 medical department to see if the medical personnel wanted to give me my medication.

50. I complied with the order and returned to my housing unit at which time S.C.O., T. Perry the housing unit officer on my housing unit, did in fact call the Facility 3 medical department in front of me and it was relayed to him that the Facility 3 medical department advised him they'd call for me when they were ready.

51. The Facility 3 medical department never called my housing unit back and I was not given my medicine for high blood pressure.

52. On December 26, 2016 $5 was taken out of my inmate trust account by SWSP medical department stating that the reason being was for a medical co-pay fee for consulting with a SWSP doctor but I never did consult with a doctor for said medical co-pay fee.

53. Then again on January 9, 2017 another $5 was taken out of my account under the same fraudulent guise by SWSP medical department.

54. On January 19, 2017 I went to my Chronic Care consult here at SWSP and conferred with Monica and I requested that Monica order me an M.R.I., to see the foot doctor again, to receive medical boots and to be given the Hep C medications Elbasivir and Grazoprevir. Monica did not help me.

55. I have been approved on November 1, 2016 by SWSP Institutional Classification Committee to make two institutional phone calls out to my sons. One phone call to my son at Federal correction institution in West Virginia and the other phone call to my other son at Essex county Kentoc Halfway house in Newark, New Jersey. Social worker Ms. Adams of SWSP has not allowed me to make these phone calls to date.

56. At this point, it is obvious that the negligence by the DOC medical staff could have irreparable consequences to my health, welfare, and well-being. It is ironic that all of this treatment has been at the hands of Caucasian personnel. I am undoubtedly being racially discriminated against. I will continue to keep record of any further events for future reference. Thank you.

57. I was released from SWSP to my home to my January 26, 2015. Two days after I was home I started coughing up blood. Due to this I had to be hospitalized. During my hospitalization it was determined that I had walking pneumonia. Because of this illness I was hospitalized for four months and almost died due to the pneumonia.

58. Plaintiff has also filed an Initial Notice of Claim with the New Jersey Department of Treasury concerning plaintiffs state issues.



59. In July of 2016 I was returned to SWSP.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

7.     Relief

(State briefly exactly what you want the Court to do for you. Make no
legal arguments. Cite no cases or statutes.)

I'd like for some legal action to be taken against those
individuals involved to ensure no other human being is subjected
to this treatment. I would also like to be awarded Compensation
& proper medical treatment.

8.  Do you request a jury or non-jury trial? (Check only one)

        (✗) Jury Trial ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __11__ day of __Feb__ , 20_1_ _7_

Al-Wahid Ali

Signature of plaintiff*

(*EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT
HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF.
REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).

