UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AL-WAHID ALI,

        Plaintiff,

     v.

UNIVERSITY CORRECTIONAL
HEALTH CARE, et al.,

        Defendants.

Civ. No. 17-1285 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff Al-Wahid Ali, a former inmate of South Woods State Prion, filed a civil rights complaint alleging that several healthcare providers and prison officials denied him proper medical care for his Hepatitis C and accompanying afflictions in violation of the Eighth Amendment. Currently pending before this Court is Defendant E. Marin's motion for summary judgment. For the following reasons, Defendant Marin's motion is denied without prejudice.

## II. BACKGROUND

The Court recites the facts in the light most favorable to Plaintiff. With respect to the claims against Defendant Marin, Plaintiff alleges that on August 26, 2016,[1] Officer Marin, Officer Watermaysk, and other unnamed corrections officers informed Plaintiff that he needed to go to the Extended Care Unit ("ECU") for his prescribed dialysis treatment. (*See* ECF No. 1 at ¶ 40). In response, Plaintiff requested to be provided with a wheelchair to be transported to ECU. (*See id.*). Plaintiff claims that Defendant Marin denied him the use of a wheelchair, which caused him to

---

[1] An incident report and disciplinary hearing report attached to Defendant Marin's motion indicate that the incident occurred on August 25, 2016, at approximately 7:20 a.m. (*See* ECF No. 18, Exs. B & C).

begin crawling from his jail cell to the officers' podium to request a wheelchair. (*See id.* at ¶¶ 40-41). After Plaintiff was denied this request, he was thrown back in his jail cell and did not receive his prescribed dialysis treatment that day. (*See id.* at ¶ 41).

Following the incident, Plaintiff was charged with prohibited act .256, refusing to obey an order of any staff member, for failing to surrender a wheelchair that had temporarily been issued to him. (*See* ECF No. 18, Ex. A, at p. 1). A disciplinary hearing was held on August 31, 2016 and the hearing officer found Plaintiff guilty of the offense. (*See* ECF No. 18, Ex. B, at pp. 1-3). The disciplinary hearing officer relied on a preliminary incident report authored by Sergeant Inman stating that Plaintiff failed to surrender a wheelchair that medical had issued to him despite orders from Nurse Tsakiris and Sergeant Inman directing him to do so. (*See* ECF No. 18, Ex. C, at p. 1). The disciplinary hearing officer also relied on an order from Dr. Dias dated the day after the incident stating "[Plaintiff] is medically cleared and able to walk at this time. There is no medical issue requiring a wheelchair." (*See id.* at p. 4).

Plaintiff appealed the disciplinary hearing officer's determination, arguing that his MRI records were not presented as evidence in his defense. (*See* ECF No. 18, Ex. D). On September 2, 2016, the administrator found that the disciplinary hearing officer's decision was based on substantial evidence and upheld the decision and sanctions. (*See* ECF No. 18, Ex. E).

On February 23, 2017, Plaintiff filed a § 1983 civil rights complaint in this Court. (*See* ECF No. 1). On August 30, 2017, this Court permitted Plaintiff's Eighth Amendment claims against Defendants Tsakiris, Marin, Watermasysk, Flowers, and Powers[2] to proceed and granted Plaintiff's motion for pro bono counsel. (*See* ECF Nos. 5-6). On November 17, 2017, Defendant Marin filed a motion to dismiss Plaintiff's complaint based on collateral estoppel, qualified

---

[2] Defendants Tsakiris, Watermasysk, Flowers, and Powers have not been served with the complaint.

immunity, and failure to state a claim upon which relief can be granted. (*See* ECF No. 18). Plaintiff, through his appointed counsel, filed opposition to Defendant Marin's motion to dismiss on February 2, 2018. (*See* ECF No. 24). On May 29, 2018, this Court converted Defendant Marin's motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). (*See* ECF No. 26).

### III. LEGAL STANDARD

The Court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in its favor. *Id.* at 255; *Matsushita*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The non-moving party must at least present probative evidence from which the jury might return a verdict in his favor. *Id.* at 257. Where the non-moving party fails to "make a showing sufficient to establish the existence of

an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

### A. Collateral Estoppel

Defendant Marin moves for summary judgement against Plaintiff, arguing that the Court should apply collateral estoppel with respect to the factual findings made by the disciplinary hearing officer in the disciplinary proceeding against Plaintiff. (*See* ECF No. 18, at pp. 4-6). Specifically, Defendant Marin contends that the hearing officer's findings regarding Dr. Dias's opinion of Plaintiff's need for a wheelchair entitle Defendant Marin to summary judgment on Plaintiff's Eighth Amendment deliberate indifference claim.[3] (*See* ECF No. 18, at pp. 6-8).

The doctrine of collateral estoppel, or issue preclusion, prevents a party from relitigating issues that were adjudicated in a prior lawsuit. *See In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997). Collateral estoppel exists to promote judicial consistency, encourage reliance on court decisions, and protect defendants from being forced to relitigate the same issues in multiple lawsuits. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979) ("Collateral estoppel, like the related doctrine of res judicata, has the dual

---

[3] Defendant Marin also argues in his reply brief that Plaintiff's claim should be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because it calls into question the guilty finding reached at Plaintiff's disciplinary hearing. (See ECF No. 25 at pp. 2-3). *Heck* bars civil rights claims that seek damages for actions that would render the fact or length of a prisoner's confinement invalid, unless the prisoner can prove that the conviction, sentence, or prison disciplinary sanction that resulted from those actions has been reversed, invalidated, or called into question by a grant of federal habeas corpus relief (in other words, terminated favorably to the plaintiff). *See Heck*, 512 U.S. at 486-87; *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). Defendant Marin's argument is without merit as the Third Circuit has recognized that *Heck*'s favorable termination rule does not apply when a prisoner's § 1983 claims implicate only the conditions, and not the fact or duration, of his confinement. *See Torres v. Fauver*, 292 F.3d 141, 149 (3d Cir. 2002).

purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.").

In general, federal courts accord preclusive effect to the adjudications of both state and federal administrative tribunals, so long as two requirements are met. First, the administrative agency must have acted in a judicial capacity and resolved disputed issues of fact properly before it which the parties had an adequate opportunity to litigate. *See United States v. Utah Construction Co.*, 384 U.S. 394, 422 (1966); *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 192 (3d Cir. 1993). Second, pursuant to the Full Faith and Credit Clause, 28 U.S.C. § 1738, the federal court must look to the law of the adjudicating state to determine if a state court would accord the judgment of the administrative tribunal preclusive effect. *See Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999).

Because the disciplinary proceeding in this case took place in New Jersey, the Court must determine whether a New Jersey state court would accord preclusive effect to the disciplinary hearing officer's determination. Under New Jersey law, a party seeking to invoke the doctrine of collateral estoppel must demonstrate that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. *Wildoner v. Borough of Ramsey*, 720 A.2d 645, 654 (N.J. Super. Ct. App. Div. 1998) (citing *In re Dawson*, 641 A.2d 1026, 1034-35 (N.J. 1994)). Applying these factors to the present matter, the Court finds that collateral estoppel does not apply to the disciplinary hearing officer's findings.

### 1. Identity of the Issues

In deciding the identity of issues, the court "should consider whether there is substantial overlap of evidence or argument in the second proceeding; whether the evidence involves application of the same rule of law; whether discovery in the first proceeding could have encompassed discovery in the second; and whether the claims asserted in the two actions are closely related." *First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 424 (N.J. 2007); *see also* Restatement (Second) of Judgments § 27 comment c (1982); *Montana v. United States*, 440 U.S. 147, 155 (1979) (the identity of issues requirement is fulfilled where the issues in the current case are "in substance the same" as those previously resolved); *Suppan v. Dadonna*, 203 F.3d 228, 233 (3d Cir. 2000) ("Identity of the issue is established by showing that the same general legal rules govern both cases and that the facts of both cases are indistinguishable as measured by those rules.").

Here, collateral estoppel is inapplicable because the issue decided in the disciplinary hearing is not identical to the issue raised by Plaintiff in his § 1983 case. Defendant Marin seeks to preclude Plaintiff's Eighth Amendment deliberate indifference claim based on the disciplinary hearing officer's factual finding that Dr. Dias medically cleared Plaintiff to walk the day after the incident. This issue, however, is not identical to the issue raised in Plaintiff's complaint which is whether Defendant Marin, an officer that was not involved in the underlying disciplinary infraction, was deliberately indifferent to Plaintiff's serious medical needs the day prior to the issuance of Dr. Dias's order.

The constitutional issue raised in Plaintiff's complaint involves the consideration of facts, evidence, and legal rules that are distinct from the issue determined in the disciplinary hearing.

A prisoner can establish that his medical need is serious when it "has been diagnosed by a physician as requiring treatment" or is so obvious that a layperson would recognize the need for professional medical care. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Deliberate indifference is established when the record would allow the factfinder to conclude that a prison official was subjectively aware of the risk of substantial harm to an inmate but failed to respond. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The issue of deliberate indifference in Plaintiff's § 1983 case will require the discovery and examination of additional evidence not considered in the disciplinary hearing, including Defendant Marin's knowledge and actions, Plaintiff's complete medical records, testimony from Plaintiff's treating nurses and physicians, and opinions from other medical professionals.

Additionally, the claims asserted in the disciplinary hearing and in Plaintiff's § 1983 action are not closely related. Plaintiff's complaint raises allegations that multiple corrections officers were deliberately indifferent to his serious medical needs, in violation of Plaintiff's Eighth Amendment rights, whereas the disciplinary hearing only addressed whether Plaintiff was guilty of violating orders given by Nurse Tsakiris and Sergeant Inman. These two claims involve the application of entirely distinct legal standards and the evaluation of different factual information. For instance, the focus of the disciplinary hearing was on Plaintiff's conduct in relation to the orders given by prison staff members. Unlike in the disciplinary hearing, the challenged conduct in Plaintiff's § 1983 action is that of other corrections officers, including Defendant Marin. Accordingly, the doctrine of collateral estoppel is inapplicable to the present case.

### 2. Essentiality of the Issue

Collateral estoppel is also inapplicable to this matter because the disciplinary hearing officer's determination that Plaintiff was medically cleared to walk was not essential to the final

judgment in the disciplinary hearing. "Under the generally accepted meaning of the term, a fact may be deemed essential to a judgment where, without that fact, the judgment would lack factual support sufficient to sustain it." *Raytech Corp. v. White*, 54 F.3d 187, 193 (3d Cir. 1995). Courts inquire into "whether the issue 'was critical to the judgment or merely dicta'" when determining whether the issue sought to be precluded was essential to the prior judgment. *Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 288 F.3d 519, 525 (3d Cir. 2002) (quoting *O'Leary v. Liberty Mut. Ins. Co.*, 923 F.2d 1062 (3d Cir. 1991)).

The disciplinary hearing officer's factual finding regarding Plaintiff's need for a wheelchair was not essential to the determination that Plaintiff violated orders from Nurse Tsakiris and Sergeant Inman. Plaintiff's failure to obey the staff members' orders, regardless of whether the wheelchair was necessary, constituted sufficient grounds for Plaintiff to be disciplined. Thus, without the order from Dr. Dias, the disciplinary hearing officer's decision would remain factually supported as all evidence of Plaintiff's insubordination is fully documented in the preliminary incident report authored by Sergeant Inman.

### 3. Fairness Considerations

Moreover, equitable considerations of fairness also preclude the application of collateral estoppel in this particular case. Even where the five criteria are met, the court retains discretion to grant or deny issue preclusion. *See See Azurak v. Corporate Property Investors*, 790 A.2d. 956, 961 (N.J. Super. Ct. App. Div. 2002) ("[A]pplication of the collateral estoppel doctrine is discretionary and must be applied equitably, not mechanically.") (internal citations omitted); *State v. Schlanger*, 496 A.2d. 746, 749 (N.J. Super. Ct. Law Div. 1985) ("The extent of use through collateral estoppel or by other methods of issue preclusion rests squarely within the discretion of the civil tribunal."). Specifically, courts are to ensure that preclusion is fair:

> Fundamental to the application of estoppel is an assessment of considerations such as finality and repose; prevention of needless litigation; avoidance of duplication; reduction of unnecessary burdens of time and expenses; elimination of conflicts, confusion and uncertainty; and basic fairness. Indeed, such broader notions about fairness and finality echo in the variety of considerations that equity applies in estoppel-like circumstances.

*Winters v. N. Hudson Reg'l Fire & Rescue*, 212 N.J. 67, 85 (N.J. 2012) (internal quotations and citations omitted).

It is unclear from the record what procedural and evidentiary safeguards were afforded to Plaintiff in his disciplinary hearing. *See Rusher v. Arnold*, 550 F.2d 896, 900 (3d Cir. 1977) (discussing the numerous procedural and evidentiary protections that are not afforded to prisoners in disciplinary hearings); *City of Hackensack v. Winner*, 410 A.2d. 1146, 1171 (N.J. 1980) (noting that administrative agencies "act in quasi-judicial capacities; they need not apply rules of evidence and their findings, unless challenged, may not necessarily rest on competent evidence; and discovery, including the right of a party to subpoena witnesses and material, may not have been available so that a party may not have had the ability to present all relevant material matter"). Additionally, it does not appear from the record that the disciplinary hearing officer reviewed any evidence other than the order from Dr. Dias to make the determination that Plaintiff did not require a wheelchair. Indeed, in his administrative appeal, Plaintiff asserted that he did not have an opportunity to present his full medical records to the disciplinary hearing officer. (*See* ECF No. 18, Ex. D). Given the unique circumstances of this case, the disciplinary hearing officer's factual finding will not have preclusive effect in Plaintiff's § 1983 action. *See Edmundson*, 4 F.3d at 193 ("[W]e do not think that an administrative agency consisting of lay persons has the expertise to issue binding pronouncements in the area of federal constitutional law."); *see also Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995) (noting that given the procedural laxity involved, "[w]e

think there is a substantial question as to whether, under New York law, collateral estoppel should ever apply to fact issues determined in a prison disciplinary hearing").

While the Court recognizes that Dr. Dias's order is admissible evidence in Plaintiff's § 1983 action, the order alone is not sufficient to warrant the entry of summary judgment at this time. Given the early stage of the proceedings, it is possible that additional facts may come forth during discovery that could create a genuine issue of material fact regarding the existence of Plaintiff's serious medical need. Accordingly, the Court denies Defendant's motion without prejudice. *See Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) ("If discovery is incomplete, a district court is rarely justified in granting summary judgment[.]"); *Scholar Intelligent Sols., Inc. v. N.J. Eye Center, P.A.*, No. 13-0642, 2013 WL 2455959, at *2 (D.N.J. June 5, 2013) (summary judgment motion filed before discovery deemed premature).

### B. Qualified Immunity

Defendant Marin next argues that he is entitled to qualified immunity from suit because Plaintiff's complaint fails to allege specific conduct giving rise to a constitutional violation. (*See* ECF No. 18 at pp. 14-15). To determine whether a defendant may be protected by qualified immunity, a two-step analysis is necessary. First, the court must consider whether, "taken in the light most favorable to the party asserting the injury, [the] facts alleged show the officer's conduct violated a constitutional right." *Hamilton v. Leavy*, 322 F.3d 776, 786 (3d Cir. 2003) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Second, if the Court determines that the alleged facts do support a finding of a constitutional rights violation, the court must next "ask whether the right was clearly established." *Id.* This means that "there must be sufficient precedent at the time of [the defendant's] action, factually similar to the plaintiff's allegations, to put [the] defendant on notice that his or her conduct is constitutionally prohibited." *Bistrian v. Levi*, 696 F.3d 352, 366

(3d Cir. 2012) (citing *McLaughlin v. Watson*, 271 F.3d 566, 572 (3d Cir. 2001)) (modifications in original).

Here, Plaintiff sufficiently alleges that he was denied access to proper and continued medical treatment when Defendant Marin deprived Plaintiff of the means of transport to receive his dialysis treatment. It is well established that deliberate indifference to the serious medical needs of a prisoner can rise to the level of a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). Accordingly, it is reasonable that a corrections officer would be aware that denying an inmate the right to access a required dialysis treatment constitutes a violation of the inmate's right to proper medical care. The Court concludes that Defendant Marin was on notice that his conduct was unlawful, and therefore, he may not avail himself of the protection of qualified immunity.

C. **Failure to State a Claim**

Defendant Marin also argues that he is entitled to summary judgment because Plaintiff has failed to state a claim upon which relief can be granted. (*See* ECF No. 18 at p. 17). As previously discussed in the Court's screening opinion dated August 30, 2017, Plaintiff has sufficiently pled a claim against Defendant Marin for deliberate indifference to a serious medical need. (*See* ECF No. 5).

## V. CONCLUSION

For the foregoing reasons, Defendant Marin's motion for summary judgment is denied without prejudice. An appropriate order will be entered.


DATED: June 27 , 2018                                s/Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge